Mr. Bridgeforth raised four issues in his opening brief. Given my limited time, I intend to address just the career offender issue unless the Court has questions as to the others. I think that's a good one for you to spend time on. Mr. Bridgeforth was designated a career offender with the result that he had approximately ten more years to a sentence. So the issue is whether his prior felony, whether his prior conviction, misdemeanor conviction for 245 of the California Penal Code, constituted a felony or a misdemeanor under the guidelines. The guidelines define a felony as an offense punishable by a term exceeding one year, regardless whether the offense was designated as a felony and regardless of the actual sentence. So this was punishable, and so it's a felony, isn't it? No, actually, the statute he was convicted under, California Section 245, is a wobbler. But it was punishable. Punishable? Yes. Not punished. Punishable. It was punishable. That section actually contains conceptually two offenses. It contains a serious assault, felony assault, punishable by two, three, or four years in prison. And it defines a second category, misdemeanor assault, less serious assault, punishable by one year or less in county jail. So it depends on how you look at that section. Conceptually, the misdemeanor assault is punishable not by more than a year in prison, by less than a year in prison, therefore making it a misdemeanor or not a felony under the guideline law as well. And what's your best case for the proposition that you can take a wobbler like that, break it conceptually into two pieces and look only at one in terms of what punishable means? The circuit's cases in Garcia-Lopez, Oliva-Ferreira, in all those cases, this Court, and in Robinson as well, the Court suggested, in Robinson, the Court suggested that had it been a misdemeanor, it would not have qualified as a career offender. Robinson says you look at how it was punished, and that's the test. Now, in Robinson, it turns out to have been a felony. But here it was punished as a misdemeanor. You're right, because when the sentence was finally imposed, he was given 365 days, and the Court said it's a misdemeanor. Presumably, in Robinson, had it been punished as a misdemeanor, then that Court would have found that it didn't qualify as a predicate felony under the career offender guideline. The two cases in addition to Robinson that you want us to look at are what again? Garcia-Lopez. Garcia-Lopez v. Ashcroft. Lucida and the Brace. 334. And Ferreira v. Ferreira v. Ashcroft, right? Right. 2004 case. I mean, Garcia-Lopez and Ferreira clearly come out that way, although it's hard to see how they do come out that way, but it is somewhat different language. Certainly, Your Honor, but the policy is the same. Both of them are concerned with whether the California prior conviction was serious enough to warrant either additional punishment in this case or in those cases an aggravated felony or subject to deportation. So the underlying purpose is the same. That is, we're in some ways judging the seriousness of that prior offense. Do you draw any distinction between the fact that Ferreira was a drug possession charge as opposed to a 245? No, I don't, Your Honor. They're both wobblers under the California statute. And what is it in Robinson that you think helps you? Well, the court's discussion. Can you point to language in particular? The court engaged in an analysis of whether Mr. And then found that it wasn't. That analysis would have been totally ‑‑ there would be no purpose to that analysis unless there was some relevance to that finding. That is, had the court found that his offense was a misdemeanor in California law, it would have some significance. Here they found that it wasn't, and therefore found that it was a misdemeanor. So it is from the very fact that they engage in this case-specific analysis. That's correct. They could have just said it's punishable by more than a year, that's the end of the story. But instead they went into the actual ‑‑ That's correct, Your Honor. And the question then becomes whether that methodology becomes a holding when they don't make a express election. I would concede. They don't explain why they go this route as opposed to another route. They simply go this route. Oh, yes. And whether there is sort of an implicit holding there that we all have to go that route. That's really sort of the question. More than that, more than Robinson, more than the cases, though, Your Honor, just if this Court were to look at it in the first instance, that is the correct result. 17B, which is the California law that defines Wahlberg, also provides that it's a misdemeanor if it's charged as a misdemeanor in the first instance in misdemeanor court. But you see, the terms felony and misdemeanor have no relevance for purposes of federal law. Federal law looks only to how severely the crime is punishable. No, I understand. And I make no ‑‑ we don't rely on that at all. It's not that label. It happens that that label coincides in some instance with the federal law. But what that label, what that means in California is important for our purposes is that a misdemeanor is not punishable by more than a year in prison or more than a year, which is the definition under federal law of a felony for the guideline purpose. So if we say misdemeanor in California, that means it's not punishable, which per se makes it not a felony under the guideline. And that's the only significance of that label. We could say less serious. If they really wanted to have it only a misdemeanor, they could have reduced it to a 242 battery for misdemeanor, right? That's true, Your Honor, but it wasn't. But it was a misdemeanor by operation of California law, which meant that it couldn't be punished by more than a year. Now, had it been charged under 245 as a misdemeanor from inception in back when California municipal court and only municipal courts only handle misdemeanors, it was still still under the government's theory punishable by more than a year because that's the statutes 245. But it would be clear in that case that it could only be a misdemeanor and it would be absurd to call that a predicate felony. But nothing changes that. This is proceeded in superior court and becomes a misdemeanor by operation of sentence or by operation of law. In any case, it's the same as the same ultimate punishment, ultimate offense. And that's an offense that's punishable by less than a year in prison, making it not a felony. Now, the other aspect I want to address is the timing issue. The government has suggested that irrespective of whether it became a misdemeanor later at the time that he pled, which is the operable period, according to the government, it was subject at least to being a felony. I submit that that is based on a guideline that doesn't apply in this case. And that has to do with timing, not the character of the case. And if that were the case, if the case was dismissed later by the same logic. Is your position that at the time he pled it wasn't really a felony because it was already a plea agreement that it would be reduced to a misdemeanor? No, that isn't my position. Well, it could have been a felony. It could have been a convert to a felony later by virtue of a sentence. But it wasn't. And at the time he pled, it was I would have no problem with considering that a felony conviction. But later on, subsequently, it turned into a misdemeanor conviction. And by California law, by definition, that was not punishable by more than a year. Well, there was imposition sentence suspended. Right. There wasn't a sentence imposed at the time of sentencing. But later he was sentenced to county jail time. And then even later than that, the court declared it to be a misdemeanor under 17B3. I'd like to reserve my remaining time for the public. Okay. Thank you. We'll hear from the government. May I please report Nancy Carden on behalf of the Plaintiff's Academy, United States of America. With regard to the career offender issue, it's clear in the sentencing guidelines that federal law is to control whether a prior conviction is a felony or a misdemeanor. 4B1.1 talks about the career offender guideline, and then 4B1.2 sets forth the definitions of the terms used in that guideline. Under 4B1.2. What do you make about two immigration cases, Garcia-Lopez and Ferreira, which seem to operate under very similar federal language and came to opposite results? Yes, Your Honor. Those cases were not considering the career offender guidelines under the United States sentencing guidelines, which does in fact find that federal law. I think you've just restated the question. Correct, Your Honor. It is the – when the United States sentencing guidelines are used under, I believe it's the Ninth Circuit case of French in 2002, which says that it's the federal law that controls, not the state. State law is not to be considered. And then, in fact, a prior conviction is – But we have to consider state law because we look at the maximum punishment. We can't – we don't pluck it out of thin air. Correct. And that is as far as state law is to be regarded, is to see what the potential punishment is for the offense of conviction. It's not what we did in Robinson. In Robinson, the issue was never discussed. It was never brought up to the Court. And there's a – in the Ninth Circuit – How do you know it wasn't brought up to the Court? I don't believe that the issue was ever brought up. It's in situations such as this where it's not stated in the record that this is what the Court is deciding on. We don't know what's stated in the record. It's not stated in the opinion. We don't know what was argued in the Court. I mean, do you know? No, Your Honor. You're quite categorical about something you don't know about. No, Your Honor. I apologize. I must also tell you, you know, did you write this brief? Yes. Okay. Do you have it in front of you? Yes. In page 24, you make a reference to the pre-sentence report, the PSR, 24 and 25. What page? The red brief, pages 24 and 25. Oh, you said 44. 24 and 25. Yes, Your Honor. You make a reference to the PSR, and you say the Probation Office determined the defendant was to be a career offender. But you're aware, of course, that the PSR was amended twice. Yes, Your Honor. Okay. And so when you say that the Probation Office determined this, you don't disclose the fact that, in fact, the determination was reversed by the Probation Office. It's not in the footnote. It's not in the discussion. You simply make it a categorical statement. In one of the addenda, there was a determination that he was not a career offender. I believe that was overlooked. I'm sorry? I believe I overlooked that. My appeals section overlooked that. I apologize for that. You understand this is a misstatement. I have a difficult time believing that you were not aware of this when you wrote the brief and that your supervisors, who looked at the brief, were not aware of it. Nobody in the U.S. Attorney's Office was aware of this fact. So it was either inexcusably sloppy or deliberate misstatement of the court, neither of which is. Yes, Your Honor. It was not a deliberate misstatement. You will discuss this with Mr. O'Brien and Ms. Yang, will you? Yes, Your Honor. Okay. Just bring it to our attention. This is not what we expect. Yes, Your Honor. But similar to your statement today about Robinson, we don't know what Robinson, what was argued to Robinson. What we know is that they chose a particular methodology. And the question is, to what extent is that methodology holding the selection of a particular methodology, a holding which is binding on us? I mean, if it's binding, there's nothing we can do about it. We have to follow it. I mean, can we write an opinion that says, well, Robinson looked at the actual punishment, but we choose to go a different way? We can say that sort of the analysis is irrelevant? No, Your Honor, just that it was not in the opinion. The opinion doesn't go to whether or not, even if the requirements of 17B were met, that that would change the result. Well, but Robinson speaks the truth regarding California law, whether you think it was a holding or dicta or whatever. It says under California law where the offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose until judgment. Correct. Section 17B of the California Penal Code, however, states in pertinent part that such an offense is a misdemeanor for all purposes. A misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in state prison. And so here we have a situation where originally it was potentially a felony when sentence was suspended, but then it became a misdemeanor for all purposes when the judge imposed finally the sentence, declared it to be a misdemeanor. So are we not looking at a misdemeanor for all purposes, the punishment of which falls below the line that is required to make it a career offender offense? Your Honor, I believe that under the sentencing guideline 4B1.2c, that it's the date that a conviction has suffered that is the date that it's determined whether it's a felony or a misdemeanor, or the date of the conviction. At the date of this conviction. You believe that? What's your authority for that? 4B1.2c of the sentencing guidelines. Okay, I know what that means, but here you're dealing with a curious beast. I was around when 17B was passed, and not to make a big speech, but we kept getting these wobblers in the DA's office that turned out in most cases to be misdemeanors when the sentence finally was imposed. So a lot of smart people in the name of efficiency and fairness went to the legislature and got 17B passed so we wouldn't have to fool around with a lot of cases as misdemeanors, as felonies when they would turn out to be misdemeanors. But we kept the option of keeping some of them in there until we could take a good look at the case. But the language is for all purposes, and that seems to me to be an issue. You're dealing with a misdemeanor, period, over and out. And Robinson suggests this is the appropriate approach to this. So how do we get around Robinson? Or the California law that declares it to be a misdemeanor for all purposes, with an imprisonment ceiling that falls below what the feds are looking for in a career offense. I believe the controlling case in this circuit would be French, which goes back to the prior convictions at the time of the conviction itself. For instance, if this case were to have arisen between conviction and sentence in the state court, then career offender status would have been determined at the time of the conviction, even though in state court the person had not yet been sentenced. Yeah, but you see, the sentence was suspended. It wasn't imposed. It was suspended. Correct. And I believe that under the sentencing guidelines that that's irrelevant. The sentence is irrelevant. It's the potential prison term at the time of the conviction. So it's irrelevant that by the time you got around to declaring whether this was a misdemeanor for all purposes, that that's what happened. Yes, Your Honor. That's irrelevant. But the date of conviction, counsel, was the date of the guilty plea, correct? Yes. But the guilty plea was bargained to be a misdemeanor, wasn't it? I don't believe so, Your Honor. I believe it was a wobbler at the time of the conviction. I see. So it was fled open as to the judge imposing either misdemeanor or felony. Thank you. What happened if there were two separate sections of state law that defined the very same offense, but said if the prosecutor chose to charge under one section, it would be a misdemeanor? I mean, could choose to charge as a misdemeanor by picking one section, and then there would be a second section which has exactly the same elements, exactly the same offense, but the prosecutor could choose to charge under this other section, and if he did so, it would become a felony. And let's say ab initio the prosecutor selected the section that charged the misdemeanor. Would you still take the position that that was a felony because it could have been charged alternatively? No, Your Honor. I believe it is, in fact, the offense of conviction using the language of the sentencing guidelines and the intent of the sentencing guidelines. The offense itself. The offense of conviction. Yes, Your Honor. Which is a misdemeanor here? If it were a misdemeanor, if the offense were charged as a misdemeanor where the maximum term of imprisonment was less than a year. So what do you think for all purposes means? I believe that's California law that is dealing with its convicted individuals in a certain way that the federal guidelines are not taking into account when it comes to the career offender status of the sentencing guidelines. It's keeping the offenses of conviction uniform across the nation so that people are not treated differently for purposes of the sentencing guidelines because of their own state statutes. Okay. Thank you. We have a few seconds left for rebuttal. Thank you. Just one final observation. The career offender guideline was implemented in order to capture the most serious offenders and does that on the basis of looking at their prior convictions. In this case, California has deemed that prior conviction to be non-serious. It couldn't be used as a strike in California. It couldn't be used to bar firearm possession. Mr. Tanaka, at the date of conviction, if counsel is right, if we're zeroed in on the date of conviction, the plea open to whether it was a misdemeanor or a felony depending on what the judge would find, made it punishable as a felony on the date of conviction, correct? That's correct, Your Honor, but that nature of that changed at the time it converted by Operation California Law into a misdemeanor. By that same logic, had he pled open to the very same charge, it could have been considered a felony for career offender purposes until, say, in that case, a later appellate court reversed the conviction and found that it didn't meet the requirements and found it some lesser charge. Do we go back and say, well, at the time he pled, it was a misdemeanor? Well, he wouldn't have been convicted then if it was a general appeal. Well, he would have a conviction, and it would have been a conviction at the time he pled was subject to being punished by more than a year in prison, but that doesn't fix, not immutably, the nature of that conviction. The guideline section that the government refers to is only for timing. That's to prevent some unsentenced, if you have a plea and you pled to something and you haven't been sentenced yet and then you come to a federal sentencing and that's still open, that still counts as a conviction for federal guideline purposes, but it doesn't mean that at the time of the plea we just fix that and that it's, like, immutable. Thank you. Case is filed. We'll finish in a minute. We'll next hear.
judges: Kozinki, Trott, Bea